**Ronnie Earl BALDOCK, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 4445.

Court of Civil Appeals of Texas, Eastland.

Feb. 26, 1971.

George T. Thomas, Big Spring, for appellant.

W. H. Eyssen, Jr., Big Spring, Bennie Bock, II, Asst. Atty. Gen., Austin, for appellee.

WALTER, Justice.

The motion for summary judgment of the Texas Department of Public Safety was granted and Ronnie Earl Baldock's operator's license was suspended for three months. Baldock has appealed and contends the court erred in adjudging the length of suspension in a summary judgment case. The appellee has not filed a brief. The judgment recites that the license was suspended for three months as provided for in the statute. Vernon's Ann. Civ.St., Article 6687b, Section 23 provides:

"Sec. 23. The Department shall not suspend a license for a period of more than one (1) year."

We have held in Franklin v. Texas Department of Public Safety, Tex.Civ.App., 462 S.W.2d 350, since the length of suspension of an operator's license is not fixed by statute, except that it cannot exceed one year, the question concerning the duration of the suspension is a material question of fact which cannot be decided in a summary judgment proceeding.

The judgment is reversed and the cause is remanded.